## CATHERINE QUINN *vs.* S. Z. POLI ET AL.

Third Judicial District, New Haven, January Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

Under § 5347 of the General Statutes, an injured employee is entitled to "medical, surgical or hospital service" at the expense of his employer, when such service will tend to improve or alleviate his injured condition, or is administered for that purpose under competent professional advice; but when all curative assistance has been given and his condition cannot be further improved, such additional treatment as may be administered merely as a means of temporary comfort or as a temporary palliative, is not within the terms of the Act.

The plaintiff in the present case, who had received compensation for total disability resulting from a broken hip, and an allowance for proper medical, surgical and hospital service, and whose condition could not be improved by further treatment, was not entitled to an additional allowance for the expense of alcohol rubs which were recommended by her physician as "simply a matter of comfort to her."

Argued January 27th—decided April 16th, 1926.

APPEAL by the defendant from the finding and award of the compensation commissioner of the fourth district in favor of the plaintiff, taken to and reserved by the Superior Court in Fairfield County, *Banks, J.*, for the advice of this court. *Superior Court advised to sustain the appeal and vacate the award.*

*Henry Greenstein,* for the plaintiff.

*William B. Ely,* for the defendants.

CURTIS, J. On this application the hearing was confined to the question whether the plaintiff was entitled to a further allowance for medical and surgical care or hospital service under the provisions of General Statutes, § 5347.

The finding and award disclose that the plaintiff, while in the employ of the defendant, was on May 10th, 1924, injured by a fall which fractured her left hip and totally incapacitated her. She was given proper medical, surgical and hospital care in accord with the terms of the Workmen's Compensation Act, and a voluntary agreement was made, and compensation is being paid to the claimant each week for total disability. The voluntary agreement was presumably under General Statutes, § 5351, and amendments thereto.

The commissioner found as follows: "The claimant is totally incapacitated, and no medical or surgical treatment will improve this condition. She must be assisted, however, in all her movements about the house, and is also given alcohol rubs by Mrs. Graham, which are approved and recommended by the physician in charge. The alcohol rubs mentioned in the finding will not change the claimant's condition in any way and are simply a matter of comfort to her, as any alcohol rub of the body is."

Under this reservation we are dealing solely with the question whether the commissioner properly awarded the plaintiff an allowance of $5 per week for an indefinite time for treatment of her injured hip by alcoholic rubbing.

Under the finding it appears that all the curative assistance that can be given the plaintiff by medical, surgical or hospital care has been given by the defendant. Her condition cannot be improved by any further medical, surgical or hospital care. The alcohol rubs are not administered as a curative remedy, but merely as a means of temporary comfort, that is, as a temporary palliative.

Under the Compensation Act the claimant is entitled to medical, surgical or hospital treatment at the expense of the employer, when such treatment will tend to improve or alleviate her injured condition, or is administered for such purpose under competent professional advice.

Whether the plaintiff has secured all the compensation to which she is entitled under General Statutes, § 5351, and amendments thereto, is not a question involved in this reservation.

The Superior Court is advised to sustain the appeal and vacate the award.

In this opinion the other judges concurred.