MARCELINO COSTA ET AL. v. FARREL-BIRMINGHAM
COMPANY, INC., ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE NO. 73890

Memorandum filed July 31, 1950.

*Schwartz & Knight,* of New Haven, *William L. Hadden,* Attorney General, and *Raymond J. Cannon,* Assistant Attorney General, of Hartford, for the Plaintiffs.

*Francis J. Moran,* of New Haven, for the Defendants.

ALCORN, J. The defendants, employer and insurer, appeal from a finding and award in favor of the plaintiff, made by the compensation commissioner for the fifth congressional district. The issue on appeal is the defendant employer's claim that it is not liable for the expense of the treatment which the plaintiff has received since March 9, 1948, because it has been palliative rather than curative.

The attack on the commissioner's finding is designed to eliminate or add, where necessary, facts and conclusions to support the defendants' claim. After an examination of the evidence certified it is concluded that no corrections should be made in the finding.

The pertinent facts, briefly summarized, are that the plaintiff worked as a chipper in the defendant employer's foundry for a total of about eleven years, the last nine of which were continuous. His work required the use of pneumatic tools and air hose to remove mold material adhering to castings and which contained a high percentage of free silica. He was thus exposed to free silica dust in a highly concentrated form. On July 25, 1944, he ceased his employment and has been totally disabled since. He will continue to be disabled for an indefinite period in the

future. On July 30, 1944, he entered Laurel Heights Sanatorium and continued as a patient there until he was discharged on May 1, 1947. From January 17, 1948, until March 9, 1948, he was a patient at Grace Hospital in New Haven, where a tentative diagnosis of silicotuberculosis was made and confirmed. On March 9, 1948, he was readmitted to Laurel Heights Sanatorium where he has been a patient ever since and where a diagnosis of silicotuberculosis was made. The state intervened as a party claiming reimbursement for the expenses of the plaintiff's medical care and attention at Laurel Heights Sanatorium.

Silicosis is a cumulative and progressive disease caused by inhaling minute particles of silica dust. Tuberculosis is frequently superimposed upon silicosis when the latter reduces lung resistance to infection. In the present state of medical science there is no cure for silicosis. The only treatment is supervised bed rest, diet and exercise, which may prolong the life of a person suffering from silicos or silicotuberculosis. The plaintiff is suffering from silicotuberculosis as a result of the exposure to silica dust in his work, constituting an occupational disease peculiar to his employment and in excess of the ordinary hazards of employment as such. The plaintiff has survived because of the treatment received at the Laurel Heights Sanatorium under competent professional supervision.

The defendants do not contest liability for the expense of plaintiff's medical care and treatment prior to March 9, 1948, which they concede to be curative. The defendants' claim is that, because the plaintiff's condition is presently incurable, the expense for treatment is not a curative remedy but only a temporary palliative. *Quinn* v. *Poli,* 104 Conn. 393. The reason for selecting March 9, 1948, as a beginning date for palliative, as distinguished from curative, treatment is obscure. No effort is made to have the finding corrected to embody the fact that the plaintiff was not suffering from the same incurable condition before that date. Nor is any correction sought to indicate that the treatment being given today is any different from that administered previously. The defendants' position, therefore, seems to be inconsistent, or perhaps an attempt to fix upon a convenient, rather than logical, date upon which to cease payments.

General Statutes, § 7426, provides that "The employer . . . shall provide a competent physician or surgeon to attend the injured employee, and in addition shall furnish such medical and

surgical aid or hospital or nursing service as such physician or surgeon shall deem reasonable or necessary." No claim is made that the plaintiff's treatment is not reasonable or necessary in the opinion of competent physicians. The statute has been interpreted to mean that the employer must furnish medical, surgical or hospital treatment when such treatment will tend to improve or alleviate the injured condition, or is administered for such purpose under competent professional advice. *Quinn* v. *Poli,* supra, 395.

In the *Quinn* case, the commissioner specifically found that the alcohol rubs there in issue would not change the patient's condition in any way but were simply a matter of comfort. In the present case, on the contrary, the commissioner has found that "with supervised bed rest, diet and exercise, the life span of a person suffering from silicosis or silicotuberculosis may be prolonged. The claimant has survived because of the treatment received at the Laurel Heights Sanatorium under competent professional supervision." That finding is supported by the evidence certified. Medical experts testified further that bed rest is curative for some tuberculosis but that it has not turned out to be so in this case up to the present time. There is also medical testimony that the treatment this plaintiff is receiving goes beyond making him comfortable and is reasonably calculated to prolong his life. Under such circumstances the treatment cannot be considered merely palliative.

The defendants' contention would foster uncertainty in the administration of the Workmen's Compensation Act by making an employer's liability for the expense of treatment dependent, in certain cases, upon its efficacy to accomplish a cure. In addition to the ethical considerations for preserving human life, the rapid advances which are being constantly made in medical research, make it short sighted to deny an employee the benefits of the statute upon the premise that because his condition is incurable from the standpoint of today's knowledge, it will still be incurable a year hence. A more humane construction to give to the Workmen's Compensation Act is that which will offer to the injured employee aid to securing the greatest possible life span in order that the ever present hope for the discovery of a remedy for his condition will find tangible realization before it is too late.

The appeal is dismissed.